USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-11-17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YANET CANDELARIO SALAZAR,

    Petitioner,

  - against –

WARREN CARL B. DUBOIS, THOMAS HOMAN,
JEFFERSON BEAUREGARD SESSIONS II,

    Respondents.

---

ORDER AND OPINION
17-CV-2186 (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

On March 27, 2017, Petitioner Yanet Candelario Salazar ("Salazar") filed a Petition for Writ of Habeas Corpus. Salazar states that she has been detained by the Department of Homeland Security and Immigration and Customs Enforcement since August 11, 2016, and is currently housed at the Orange County Jail in Goshen, New York. (Doc. No. 1 at 5.) Through this Writ of Habeas Corpus Salazar challenges her prolonged detention. (*Id.* at 6-10). Salazar seeks 1) a declaratory judgment that she is eligible to be released on bond and that she is entitled to a bond hearing 2) a declaratory judgment that she is not a flight risk or danger to the community, and 3) an order that she be immediately released from DHS/ICE custody or that a bond hearing be held immediately before an immigration judge. (*Id.* at 11.)

Salazar previously filed a Petition for Writ of Habeas Corpus in the District of New Jersey on February 17, 2017, while she was detained at the Elizabeth Detention Center in Elizabeth, New Jersey, and then an Amended Petition on February 23, 2017. (Doc. No. 1 at 4 and Doc. No. 14-8). In the Amended New Jersey Petition, Salazar raises substantially similar allegations and makes identical requests for relief as in the instant Petition. (Doc. No. 14-8.) On

August, 29, 2017, the Honorable John Michael Vazquez of the District of New Jersey issued an Opinion granting the habeas petition and ordering that Salazar receive a bond hearing before and immigration judge within thirty days of the Opinion and Order. (Doc. No.19-1).

The Honorable Judge William H. Pauley, III referred this matter to the undersigned for Habeas Corpus on April 10, 2017. (Doc. No. 5.) The Parties consented to the jurisdiction of the undersigned on May 11, 2017. (Doc. No. 10.) The Government filed its response to Salazar's Petition on July 14, 2017, arguing that the Petition should be stayed pending the outcome of the New Jersey petition. (Doc. No. 15.)

On July 31, 2017, Salazar asked the Court to issue an order 1) that she not be moved from the Orange Country Jail and 2) to stay her deportation pending the outcome of her instant habeas petition. (Doc. No. 16.) When the District of New Jersey granted her habeas petition, Salazar wrote the Court again asking for a stay of her deportation. For the reasons that follow, Salazar's requests are **DENIED** and this petition is **DISMISSED** as duplicative of the New Jersey petition.

## II. BACKGROUND

The Government argues that this Court lacks jurisdiction to grant the relief sought by Salazar. With respect to an order to not be moved out of Orange County Jail, the government cites 8 U.S.C. § 1231 and case law to argue that Salazar's location is completely under the discretion of the Attorney General. The Court agrees. A court lacks jurisdiction to review decisions of the Attorney General where the authority is derived from subchapter II of Chapter 12 of Title 8. 8 U.S.C. § 1252(a)(2)(B)(ii); Subchapter II encompasses the Attorney General's authority to "arrange for appropriate places of detention for aliens detained pending removal or a

decision on removal." 8 U.S.C. § 1231(g)(1). Thus, without a showing that a transfer would infringe on Salazar's constitutional rights, this Court does not have authority to issue an order to change or keep Salazar at any particular location. *See Zheng v. Decker*, No. 14 Civ. 4663 (MHD), 2014 WL 7190993, at *15-16 (S.D.N.Y. Dec. 12, 2014) (denying petitioner's request that the court order ICE not to transfer him to another jurisdiction); *Avramenkov v. I.N.S.*, 99 F. Supp. 2d 210, 213 (D. Conn. 2000) (finding that the court lacks jurisdiction to prevent the Immigration and Naturalization Services from transferring petitioner).

The Court is also unable to grant Salazar's request for a stay of deportation. The Government has correctly asserted that the REAL ID Act of 2005, 8 U.S.C. §1252(b)(2), specifies that the courts of appeal have sole jurisdiction to review an order of removal. Any stay of an order of removal must also be entered by the reviewing court of appeal. *Id.* at 1252(b)(3)(B). Here, the Government has provided a copy of the Third Circuit's order imposing a temporary stay on deportation proceedings against Salazar until the Court can take up the motion for stay of removal. (Doc. No. 22-1 at 2.) Thus, the denial of her request in the instant action, does not prejudice Salazar.

Finally, following the decision on the New Jersey petition, the Government argues that the instant Petition should be dismissed because it is duplicative of the New Jersey petition. (Doc. No. 19.) The Court agrees. "As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). Further, as the petition in New Jersey was decided in Salazar's favor, dismissing the instant Petition does not prejudice Salazar.

### III. CONCLUSION

For the foregoing reasons, Salazar's requests 1) to not be moved from Orange County Jail and 2) to stay her deportation are **DENIED**.

Further, this action shall be **DISMISSED** as it is duplicative of Salazar's petition in *Yanet Candelario Salazar v. Orlando Rodriguez*, 17cv1099 (JMV), which was decided in her favor on August 29, 2017.

The Clerk of Court is respectfully directed to terminate this action.

**SO ORDERED this 11th day of September 2017.**
**New York, New York**

*[signature]*

The Honorable Ronald L. Ellis
United States Magistrate Judge

**MAILED BY CHAMBERS**

4